IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

----------------------------------------------------------------X
STRATFOR ENTERPRISES, LLC and
STRATEGIC FORECASTING, INC.,

               Plaintiffs,         **CIVIL ACTION NO.:** 1:12-cv-125

      v.

DAIVD STERLING and                    **JURY TRIAL DEMANDED**
STERLING & STERLING, INC.,

               Defendants.
----------------------------------------------------------------X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 Defendants David Sterling (hereinafter "Sterling"), and Sterling & Sterling, Inc. (hereinafter "S&S" or "Sterling & Sterling") (collectively, "Defendants") hereby gives notice of removal of this action, entitled *Stratfor Enterprises, LLC, et al. v. David Sterling et. al*, bearing Case No. D-1-GN-12-000235, from the District Court of Travis County, Texas 353rd Judicial District, (the "Complaint") to the United States District Court for the Western District of Texas.

**I.    BACKGROUND**

1.    On January 20, 2012, Defendants filed a class action lawsuit on behalf of themselves and all others whose financial and/or personal information was obtained by third-parties due to the breach of Stratfor's storage systems against Strategic Forecasting, Inc. and George Friedman, its Chief Executive Officer in the United States District Court for the Eastern District of New York.

2.    On February 8, 2012, Defendants filed their Amended Complaint to the class action

1

lawsuit naming Stratfor Enterprises, LLC as a Defendant (the "Class Action"). (Attached as Exhibit A.)

3. The Class Action Complaint alleges that the defendants, Plaintiffs in the present action, failed to secure its computer storage systems to protect Stratfor's users', subscribers', and those persons and entities that provided Stratfor with personal and financial information. Stratfor also failed to timely notify their customers of the security breach until the unidentified third-parties notified the public on December 24, 2011.

4. The Class Action alleges six causes of action; (1) Violation of the Federal Stored Communications Act, 18 U.S.C. §2702; (2) Deceptive Acts and Practices Under New York General Business Law §349; (3) False Advertising Under New York General Business Law §350; (4) Breach of Contract; (5) Quasi-Contract or Implied-in-Law Contract; and (6) Negligence.

5. The Class Action currently seeks class certification, appointment of class counsel, more than $50 million in compensatory damages, pre and post judgment interest, punitive damages, attorney's fees, and costs.

## II. REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

6. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the Complaint and all served papers is attached as Exhibit B.

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b). Defendants were served the Complaint on February 1, 2012, which is less than 30 days prior to the date of this Notice.

8. No further pleadings have been filed, and no proceedings have yet occurred in the District Court of Travis County.

9. Venue for removal is proper in the District Court for the Western District of Texas

because the 353rd Judicial District Court of Travis County, where this suit was originally filed, is within the District Court for the Western District of Texas, Austin Division. 28 U.S.C. §§1441(a), 1446(a).

10. Defendants base removal on federal question and, in the alternative, on diversity jurisdictional grounds pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

### III. FEDERAL QUESTION BASIS FOR JURISDICTION

11. Under 28 U.S.C. §1331, the federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiffs' action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) & (c) in that one of the claims against Sterling and S&S in the Complaint seeks a declaratory judgment under the Federal Stored Communications Act. 18 U.S.C. §2702 – a federal law.

### IV. DIVERSITY OF CITIZENSHIP BASIS FOR JURISDICTION

12. Under 28 U.S.C. §1332, the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

13. According to the Complaint, Defendant David Sterling is a citizen of New York whose principal place of business is at 135 Crossways Park Drive, Suite 300, Woodbury, NY 11797.

14. According to the Complaint, Defendant Sterling & Sterling, Inc. is a New York corporation with a principal place of business at 135 Crossways Park Drive, Suite 300, Woodbury, NY 11797.

15. According to the Complaint, Plaintiff Stratfor Enterprises, LLC is a Delaware

limited liability company duly authorized to do business in Texas and with its principal place of business in Austin, Texas.

16. According to the Complaint, Plaintiff Strategic Forecasting, Inc. is a Delaware corporation duly authorized to do business in Texas and with its principal place of business in Austin, Texas.

17. Plaintiffs' Complaint alleges that Defendants seek appointment as lead plaintiffs in a nationwide class action seeking $50,000,000 in compensatory damages as a result of harm suffered due to Defendants failure to secure its computer storage systems to protect Stratfor's customers' personal and financial information.   Ex. B at ¶ 23.

18. The Class Action alleged that jurisdiction in federal court was proper under the Class Action Fairness Act ("CAFA") of 2005 because the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and at least one member of the putative class is a citizen of a different state than the defendant.   Ex. B at Ex. A.   In addition, Plaintiffs' Complaint alleges that they seek a declaratory judgment to resolve any uncertainty regarding Plaintiffs' duties and obligations caused by the Class Action.   Ex. B at ¶ 28.

19. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."   *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977).   Further, "jurisdiction will be proper if 'it is facially apparent' from the complaint that the 'claims are likely above [$75,000].'"   *Larremore v. Lykes Bros. Inc.*, No. 10-51166, 2011 WL 6221500 at *1 (5th Cir. December 14, 2011) (*quoting Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 639 (5th Cir.2003)).   Moreover, by enacting the CAFA, Congress abrogated the prior rule against aggregating claims to reach the amount-in-controversy requirement.   *Exxon Mobil Corp.*

*v. Allapattah Services, Inc.*, 545 U.S. 546, 571, 125 S. Ct. 2611, 2627-28, 162 L. Ed. 2d 502 (2005).

20. For the foregoing reasons, this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) as it is a matter between citizens of different states with the amount in controversy exceeding $75,000 exclusive of interests and costs. Removal is proper under 28 U.S.C. § 1441(a) because this Court has diversity jurisdiction.

21. By filing this Notice of Removal, Defendants do not waive any defenses, including without limitation, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

Dated: February 8, 2012

Respectfully submitted,

THE LANIER LAW FIRM, PC

By: /s/ W. Mark Lanier
    W. MARK LANIER
    6810 FM 1960 West
    Houston, Texas 77069
    T: 713-659-5200
    F: 713-659-2204

AND

NAPOLI BERN RIPKA SHKOLNIK, LLP

By: /s/ Hunter J. Shkolnik
    HUNTER J. SHKOLNIK
    * *Pro Hac Vice Motion Forthcoming*

By: /s/ Adam J. Gana
    ADAM J. GANA
    * *Pro Hac Vice Motion Forthcoming*
    350 Fifth Avenue, Suite 7413
    New York, New York 10118
    (212) 267-3700   (Phone)
    (212) 587-0031   (Fax)
    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, W. Mark Lanier, hereby certify that a true and correct copy of the foregoing Notice of Removal and its supporting documents will be served, on the 8th day of February, 2012, upon plaintiffs' counsel in this action, via USPS First-Class, Certified Mail to:

Bill Cobb, Esq.
Jackson Walker, L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
*Attorneys for Plaintiffs Stratfor Enterprises, LLC*
*and Strategic Forecasting, Inc.*

Additionally, this Notice of Removal will also be served upon plaintiffs' counsel in this action via the electronic filing system of the District Court of Travis County, Texas 353rd Judicial District, for which the removed action is subject to mandatory electronic filing.

                    THE LANIER LAW FIRM, PC

                    By: /s/ W. Mark Lanier
                        W. MARK LANIER
                        6810 FM 1960 West
                        Houston, Texas 77069
                        T: 713-659-5200
                        F: 713-659-2204